IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAHEEM COLLINS, :
:
    Petitioner, : CIVIL ACTION NO. 18-4401
:
v. :
:
SUPERINTENDENT BARRY SMITH and :
THE ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
:
    Respondents. :

## ORDER

**AND NOW**, this 28th day of May, 2021, after considering the petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 15), the respondents' response in opposition to the petition for writ of habeas corpus (Doc. No. 31), the state court record, United States Magistrate Judge Thomas J. Rueter's report and recommendation (Doc. No. 32), and the objections and response thereto filed by the petitioner (Doc. No. 39), it is hereby **ORDERED** as follows:

    1.    The clerk of court is **DIRECTED** to remove this action from civil suspense and return it to the court's active docket;

    2.    The petitioner's objections to the report and recommendation (Doc. No. 39) are **OVERRULED**;

    3.    The Honorable Thomas J. Rueter's report and recommendation (Doc. No. 32) is **APPROVED** and **ADOPTED**;

    4.    The petitioner's amended petition for writ of habeas corpus (Doc. No. 15) is **DENIED**;[1]

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] In the early evening of January 28, 2006, six year-old Jabar Wright was shot and paralyzed from the neck down following a confrontation between his father, Benjamin Wright, co-defendants Donte Rollins, Chriss Powell, Kevin Norris, and the petitioner, Raheem Collins ("Mr. Collins"). *Commonwealth v. Collins*, No. 2522 EDA 2016, 2017 WL 3994663, at *1–2 (Pa. Super. Sept. 8, 2017). The shots came from the direction where the petitioner, Rollins, Powell, and Norris were standing that night and the petitioner had been seen reaching into his pants as if to pull something out as the shots were fired. *Id.* at 2.

Following a jury trial in November 2007, the petitioner was convicted of attempted murder, four counts of aggravated assault, conspiracy, and carrying a firearm without a license. Docket, *Commonwealth v. Collins*, CP-51-CR-0202332-2001 (Philadelphia Cty. Ct. Com. Pl.), *available* at: https://ujsportal.pacourts.us/Report/CpCourtSummary?docketNumber=MC-51-CR-0149161-2006&dnh=EviNB4Cr6Z0vyj3YHmSJig%3D%3D. For his crimes, the petitioner was sentenced to consecutive statutory maximum sentences totaling 62.5 to 125 years. *Commonwealth v. Collins*, 2017 WL 3994663, at *2. Following his sentence, new counsel was appointed for appeal purposes and on July 3, 2008, post-sentence motions were filed challenging the weight of the evidence and discretionary aspects of the sentence. *Id.* The trial court denied the post-sentence motions on the day they were filed, and an appeal was taken to the Pennsylvania Superior Court on July 23, 2008. *Id.* The Pennsylvania Superior Court affirmed the judgment of sentence on October 18, 2010. *Id.* at 3. On September 9, 2014, the petitioner filed a counseled PCRA petition, and on June 29, 2015, attempted, *pro se*, to add several issues to that petition. *Id.* To determine whether the petitioner could proceed *pro se*, the court conducted a *Grazier* hearing on November 2, 2015, eventually approving the petitioner's attempts to proceed. *Id.* The petitioner then filed an amended PCRA petition on November 16, 2015. *Commonwealth v. Collins*, 2017 WL 3994663, at *3. The amended PCRA petition was dismissed on June 3, 2016. *Id.* The petitioner then appealed this decision to the Pennsylvania Superior Court, which affirmed the dismissal on September 8, 2017. *Id.* Finally, the petitioner filed for an allowance of appeal with the Pennsylvania Supreme Court that was denied on May 1, 2018. *Commonwealth v. Collins*, 185 A.3d 274 (Pa. 2018).

Now in federal court, Mr. Collins petitions for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1. At this point, the operative habeas petition is the amended petition filed on July 18, 2019, which incorporates only two of the four grounds presented in the initial habeas petition, which was filed on October 11, 2018. *See* Am. Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Am. Pet.") at 4, Doc. No. 15 (stating "two grounds [are presented] for relief … in this Proposed Amended Petition," thereby waiving the other non-incorporated grounds for relief); Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at 3, Doc. No. 1 (stating four claims in the original federal habeas petition).

Regarding the instant petition, United States Magistrate Judge Thomas J. Rueter submitted a report and recommendation on July 27, 2020, recommending denial regarding both grounds. R. & R. ("R&R") at 1, Doc. No. 32. In response, the petitioner has submitted an objection to Judge Reuter's recommendation regarding Ground II only, Obj. R. & R. ("Obj.") at ECF p. 4, Doc. No. 39, which specifically claims that trial counsel and state post-conviction

counsel were ineffective for failing to investigate, prepare and present the petitioner's alibi defense at trial and state post-conviction hearings with regards to three witnesses who were with him inside a house at the time of the shooting: Marvin Matthews, Lawrence "Larry" Robinson, and Terrence "Terry" Johnson. Am. Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Am. Pet.") at 14–15, Doc. No. 15. Judge Rueter recommended denial of Ground II on the basis that it was procedurally defaulted when the petitioner failed to raise it in state court, R&R at 16; the petitioner contends that this ground was properly added per Federal Rule of Civil Procedure Rule 15(a)(2). Obj. at 4–5.

With respect to Ground I, since neither party filed objections to Judge Rueter's report and recommendation as to that ground, the court need not review this issue in the report before adopting the recommendation. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Rueter's report for plain error as to Ground I and has found none.

As to Ground II, the petitioner conflates two separate standards and sets of law. While it is true that Federal Rule of Civil Procedure Rule 15(a)(2) allows the petitioner to amend his pleading once as a matter of course with the written consent of the other party or the court's leave, Judge Rueter's recommended denial is not due to a deficiency of the petitioner's pleadings but due to the petitioner's failure to meet the standards proscribed in the AEDPA. R&R at 8. In fact, the petitioner's argument regarding Rule 15(a)(2) is wholly irrelevant to the basis of Judge Rueter's denial of relief. The petitioner even admits that ground II is unexhausted under the AEDPA and therefore procedurally defaulted. Obj. at 7–8. In short, while Rule 15(a)(2) allowed the petitioner to amend his petition, it does not provide a means to excuse procedural default.

*Martinez*, however, might—according to the petitioner. Obj. at 8 (referencing *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)). In *Martinez*, the Supreme Court held that a defendant in a state law criminal case can establish cause for procedural default of a claim of ineffective assistance of trial counsel by showing that there was ineffective assistance at the initial-review collateral proceeding, which in the case of a Pennsylvania state conviction would mean at the PCRA level. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). To qualify, the Supreme Court required that the ineffective assistance of counsel claim be a substantial one, which means the claim must have some merit. *Id.* at 17–18.

Here, however, the relevant initial-review collateral proceeding counsel was the petitioner himself, i.e., he represented himself *pro se* in PCRA proceedings. R&R at 18–19. The petitioner even went through the trouble of a *Grazier* hearing to represent himself *pro se* and accepted the responsibility of having to follow the same rules and standards as a licensed attorney. *Id.* at 18 (describing relevant portions of the *Grazier* hearing in which the petitioner expressed he understood his responsibility as a *pro se* petitioner); Obj. at 10 (blaming Attorney Cotter in his failure to perform as PCRA counsel, even though the petitioner took over Attorney Cotter's duties in the course of the *Grazier* hearing). According to his objection now, it appears the petitioner effectively believes he violated those same rules and responsibilities. Obj. at 9.

In any case, from the affidavits the petitioner has submitted it appears the petitioner's (and his counsel's) prior decision not to further investigate and pursue Matthews, Robinson, and Johnson's testimony was appropriate. R&R at 20. After all, the accounts from all three witnesses differ from one another on key details of the alibi such as the time, who was present, whether there were police officers, and whether those police officers were in a helicopter or knocking on the door. *Id.* at 19–20. Judge Rueter noted that, given all of these inconsistencies, had counsel called all of the alibi witnesses to the stand, the petitioner's alibi would look even less credible than it did at trial. R&R at 21. Accordingly, counsel and the petitioner were not ineffective for failing to call Robinson and Johnson to the stand in addition to Matthews, who did in fact testify in the petitioner's original trial.

The petitioner disagrees, arguing that the inconsistencies could be resolved by simply not calling Johnson to the stand, such that the only additional witness with respect to the petitioner's alibi would be Robinson. Obj. at 16. Notably, in so arguing, the petitioner is effectively conceding that counsel was at least not ineffective for failing to call Johnson to the stand. Nonetheless, the petitioner additionally believes that the inconsistencies between Matthews and Robinson's testimony are insignificant—that details such as whether a police helicopter was overhead or whether Johnson's girlfriend was present do not rise to "a concerning level." Obj. at 17.

The court disagrees. The inconsistencies that the petitioner desires to gloss over could easily be solicited during cross-examination. Indeed, observing inconsistencies is one of the key ways in which juries and jurists make

3

credibility determinations. *See* Deborah Epstein & Lisa A. Goodman, *Discounting Women: Doubting Domestic Violence Survivors' Credibility and Dismissing Their Experiences*, 167 U. Pa. L. Rev. 399, 407–09 (discussing how internally inconsistent accounts make testimony in-credible). Moreover, even if the petitioner somehow managed to strip Robinson's testimony of its inconsistencies, at best, Robinson and Matthews's testimony would be redundant and cumulative.

At his trial, the petitioner managed to present his alibi defense to the jury via Matthews's testimony. Obj. at 17. Even when presented with Matthews's testimony in support of petitioner's alibi, free of inconsistencies, the jury was unpersuaded and still ruled against the petitioner. The petitioner fails to point to what viability, if any, Robinson's inconsistent testimony would add to the petitioner's failed alibi defense. Thus, ground II is not substantive and therefore insufficient to excuse the petitioner's procedural default. Accordingly, the court overrules the petitioner's objections to Judge Rueter's report and recommendation and denies his amended petition seeking habeas relief.

[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining a certificate of appealability under section 2253(c)(2)).